

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# USA v. Dillon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Dillon" (2007). *2007 Decisions.* Paper 720.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/720

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-277                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1218
_____

UNITED STATES OF AMERICA

v.

PERCY DILLON,
Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 93-cr-00084-2)
District Judge:  Honorable Alan N. Bloch
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2007

Before:  MCKEE, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed July 19, 2007)
_____

OPINION
_____

PER CURIAM

In 1993 Percy Dillon was convicted of various drug-related crimes and sentenced

to 322 months' imprisonment.  After we affirmed, Dillon embarked on a lengthy series of

unsuccessful post-conviction attacks on his sentence, including a motion pursuant to 18

U.S.C. § 3582, a § 2255 motion, applications to file another § 2255 motion, a motion pursuant to Fed. R. Civ. P. 60(b), an "Independent Action Under Rule 60(b)(6)," and another § 2255 motion. We denied his various related requests for certificates of appealability.

In December 2006 Dillon filed, in the same criminal action, a document titled "Motion filed under LR 37.1, and LR 37.2 pursuant to Rule 37(c)(1) of Fed.R.Civ.P." Although Dillon insists that his motion "does not affect the AEDPA and does not constitute a second or successive petition and cannot be construed as such," his motion seeks the production of certain documents which form the basis for his allegations concerning "perjurious statements to the court dealing with a material element of impeachment value." In particular, he alleges that the government's failure to disclose voucher payments violates the Jenks Act, that the voucher forms "are proof that [witness] Williams perjured himself," and that he should get a new trial as a result. The District Court summarily denied the motion; this appeal followed.

By seeking a new trial, Dillon is challenging his conviction. However, as we have previously explained, motions pursuant to § 2255 are the presumptive means by which federal prisoners can do so. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). Because Dillon has previously filed § 2255 motions, he may not file another without first obtaining permission from this Court. See 28 U.S.C. §§ 2244 & 2255. Nor may he avoid this process by resorting to Federal Rules of Procedure. The District Court had no choice

2

but to deny Dillon's motion and, as a result, the appeal does not present a substantial issue. Accordingly, we will summarily affirm the order of the District Court denying Dillon's motion.